UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AARON M. DEROO, Civil No. 01-2335 (MJD/JMM)

Plaintiff,

v. **ORDER**

CLAY COUNTY SHERIFF[']S DEPT,
CLAY COUNTY JAIL,
RYAN MULLIKIN, and
JULIE SAUAT,

Defendants.

Plaintiff, an inmate at the Clay County Jail in Moorhead, Minnesota, commenced this action by filing a Complaint in the U.S. District Court for the District of North Dakota. He is seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. Rather than paying the $150 filing fee for this action, as required by 28 U.S.C. 1914(a), Plaintiff requested leave to proceed in forma pauperis, ("IFP").

The North Dakota District Court granted Plaintiff's IFP application, and directed him to pay an initial partial filing fee of $5.85, pursuant to 28 U.S.C. § 1915(b)(1). The North Dakota Court further ordered that this matter be transferred to this District, because it appears that Plaintiff's claims arose in Minnesota, and all of the named Defendants are located in Minnesota.

To date, the Court notes, Plaintiff still has not paid the initial partial filing fee of $5.85, as ordered by the North Dakota District Court. That fee must be paid before any further action will be taken in this matter. If Plaintiff does not pay the prescribed initial

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

partial filing fee within thirty days after the date of this order, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); see also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"). The remaining balance of the filing fee, (in this case $144.15), will have to be paid in installments, as prescribed by 28 U.S.C. § 1915(b)(2).

If Plaintiff pays his initial partial filing fee within the time allowed, this action will be allowed to go forward. In that event, however, the Complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief can be granted.[1] Only if Plaintiff's pleading survives such screening will the Court order that a summons be issued and that Defendants be served by the U.S. Marshal.

Based upon the above, and upon all the files, records, and proceedings herein,

---

[1] Based on a preliminary review of Plaintiff's Complaint, it appears unlikely that this action will survive initial screening. Plaintiff's pleading appears to be defective because it does not adequately describe what each individual defendant allegedly did, or failed to do, that allegedly violated Plaintiff's constitutional rights. Furthermore, the Complaint does not identify any "actual injury," (i.e., any specific loss of legal rights), allegedly caused by Defendants. See Lewis v. Casey, 518 U.S. 343, 354 (1996) (to maintain a denial-of-access-to-the-courts claim, a prisoner must demonstrate, for example, that he has missed, or inevitably will miss, some critical filing deadline, or that he actually has been deprived of the opportunity to prosecute some specific legal claim). Finally, it appears that two of the named Defendants, the Clay County Sheriff's Department and the Clay County Jail, are not even suable entities. See In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989). In light of these conspicuous pleading flaws in his present Complaint, Plaintiff should think very carefully about whether he should commit himself to paying $150, from his apparently limited resources, to pursue this apparently unsustainable lawsuit.

**IT IS HEREBY ORDERED** that:

Within thirty days after the date of this order Plaintiff shall pay his initial partial filing fee of $5.85, failing which it will be recommended that this action be dismissed without prejudice.

Dated: December 21, 2001

JOHN M. MASON
United States Magistrate Judge