UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AARON M. DEROO,

Plaintiff,

v.

CLAY COUNTY SHERIFF[']S DEPT.,
CLAY COUNTY JAIL,
RYAN MULLIKIN, and
JULIE SAUAT,

Defendants.

Civil File No. 01-2335 (MJD/JMM)

REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the action be summarily dismissed without prejudice.

Plaintiff commenced this action by filing a civil rights Complaint, and an application for leave to proceed in forma pauperis, ("IFP"), in the United States District Court for the District of North Dakota. Because he was incarcerated when he brought this action, the North Dakota District Court ordered Plaintiff to pay an initial partial filing fee of $5.85, pursuant to 28 U.S.C. § 1915(b)(1). The North Dakota Court further ordered that the action be transferred to this District, because all of the named Defendants apparently are located here in Minnesota.

After the file for this action was received in our District, this Court reviewed the matter and found that Plaintiff still had not paid his initial partial filing fee of $5.85, as ordered by the North Dakota Court prior to the transfer. That obligation was called to

FILED JAN 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Plaintiff's attention by the Court's order of December 20, 2001. (Docket No. 6.) By that order, Plaintiff was given thirty (30) days to pay his initial partial filing fee of $5.85. The order also advised Plaintiff that if he did not pay the prescribed filing fee within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline for paying the initial partial filing fee set by the Court's prior order has now passed, and Plaintiff has not yet tendered any fee payment. In fact, the Court has received no communication of any kind from Plaintiff since the order of December 20, 2001, was entered. Therefore, in accordance with the Court's prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: Jan. 28, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February ___, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.